## LUELLEN v. HOUSE.

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE; EVIDENCE.

1. In an interference involving a paper drinking cup, it was *held*, revers-
   ing a decision of the Commissioner of Patents, that evidence to the
   effect that one of the parties made cups conforming to the issue
   which satisfactorily held water sufficiently showed reduction to prac-

tice, especially as one of the objects of the invention was to make a fragile cup that could be used once and destroyed.

2. In an interference proceeding involving the simple invention of a paper drinking cup, where the cups originally made by one of the parties were not produced, but his witnesses testified as to the similarity of reproduced cups which were used as exhibits, it was *held*, that such testimony would not be discarded or subjected to the severe test usually applied in cases where the reproduced article consists of a complicated mechanism.

3. Concurring decisions of the tribunals of the Patent Office on questions of fact will not be lightly disturbed; but where manifest error has been committed it will be corrected.

No. 1173.    Patent Appeals.    Submitted November 13, 1918.    Decided December 2, 1918.

HEARING on an appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding.

*Reversed.*

The facts are stated in the opinion.

*Mr. Clifford E. Dunn, Mr. C. T. Milans,* and *Mr. Joseph W. Milans* for the appellant.

*Mr. C. P. Goepel* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from concurrent decisions of the three tribunals of the Patent Office in an interference proceeding. The issue is set out in six counts, of which the following two are illustrative:

"1. As a new article of manufacture, a paper drinking cup made of a single piece of paper having its side walls formed by folding the paper upon itself, coated and impregnated with paraffin, the paper being cemented in folded position by the paraffin."

"5. As a new article of manufacture, a drinking cup formed

of a single piece of paper and having a tapered side wall including superimposed layers of the paper impregnated with and held together by a fusible cement."

The earliest date claimed by appellee, Henry A. House, is 1909. The whole case turns about an alleged reduction to practice by the appellant, Lawrence W. Luellen, in the fall of 1907 and the early part of 1908. Without stopping to review the voluminous testimony, we think it is clearly established that Luellen in 1908 made cups conforming to the issue which satisfactorily held water. This evidence is sufficient, in our opinion, to establish a reduction to practice, especially when it is considered that one of the objects to be attained in the invention was to make a fragile cup that could be used once and destroyed. Hence, if the cup was made as set forth in the specification of Luellen and the counts of the issue, and held water, this would be a sufficient test to constitute a successful reduction to practice. The proof of Luellen's test in the early part of 1908 is convincing. To reach any other conclusion we would be compelled to discredit the testimony of a number of witnesses whose credibility has not been impeached.

Much is made of the fact that the original Luellen cups were not produced, but that Luellen's case rests upon the testimony of witnesses as to the similarity of reproduced cups which are used as exhibits in this case. The cups offered in evidence are shown to have been exact reproductions of the original invention, and are positively identified as such by thirteen witnesses. The invention is a simple one, and testimony as to the similarity of the reproduced article to the original should not be discarded or subjected to the severe test usually applied in cases where the reproduced article consists of a complicated mechanism. Luellen's case is strengthened by documentary evidence that an order for machinery to make the cup of the issue was signed April 7, 1908, and a contract was made on May 15, 1908, for the designing of an automatic machine for the construction of the Luellen cup. All of these facts are supported by most convincing testimony.

In reaching our conclusion, we are not unmindful of the rule

that concurring decisions of the three tribunals of the Patent Office on questions of fact will not be lightly disturbed. But where, as in this case, we are satisfied that a manifest error has been committed, justice demands that the error be corrected.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.                                              *Reversed.*

A petition for rehearing was denied December 21, 1918.